IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JUDSON TODD EVANS,

            **Plaintiff,**

v.                                                                    No. 23-CV-368-JFH-GLJ

CHRIS BRYANT, et al.,

            **Defendants.**

**OPINION AND ORDER**

Plaintiff Judson Todd Evans ("Evans") is a pro se pretrial detainee who is incarcerated in the Carter County Detention Center ("CCDC") in Ardmore, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at his facility. Dkt. No 1. The defendants are Chris Bryant, Carter County Sheriff; Devra Atwood, Jail Administrator; Turnkey Health; and Josephine LNU, Turnkey Nurse Practitioner. *Id*. at 3-4.

Evans alleges in Claim One of the complaint that on October 13, 2023, and on ten other dates, Defendant Sheriff Bryant "failed to exercise a proper oversight and procedural authority over the facility's medical services department," resulting in Evans' "likely irreversible" physical and mental damages. *Id.* at 5. In Claim Two, Evans claims that on October 13, 2023, and on five other occasions, Defendant Atwood failed to oversee the county jail's medical department, resulting in physical and mental damages to Evans. *Id.*

Evans asserts in Claim Three that on October 13, 2023 and on 12 other occasions, Defendant Nurse Josephine LNU repeatedly ignored his need to see a doctor to prescribe pain medication. The nurse also denied Evans the prescriptions he had from his doctor. *Id*. at 6. Evans further complains that on the above occasions, he was denied adequate medical care for his unspecified conditions by being advised, "We don't give you those medications." *Id*.

After review of the complaint, the Court finds Evans must file an amended civil rights complaint on the Court's form, as set forth below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013)

2

(holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court finds Evans' complaint is vague and conclusory, and it fails to set forth the specific dates of each the alleged event. The complaint also fails to explain what type of medical conditions have not been properly addressed.

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Evans must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a). Evans also is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

The amended complaint must include a short and plain statement of when and how each named defendant violated Evans' constitutional rights and that Evans is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Evans also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Evans must go further and state how the named defendant's personal participation violated his constitutional rights. The Tenth Circuit has explained that when a § 1983 plaintiff includes a "government agency and a number of government actors sued in their individual capacities," then "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect.  *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990).  *See also* Local Civil Rule 9.2(c).  The amended complaint must include all claims and supporting material to be considered by the Court.  *See* Local Civil Rule 9.2(c).  It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits.  *Id*.  Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins of no less than one (1) inch on the top, bottom, and sides.  The Court Clerk is directed to send Evans a form for filing an amended complaint.

IT IS THEREFORE ORDERED that Evans is directed to file within twenty-one (21) days an amended complaint on this Court's form, as directed in this Order.  The Court Clerk is directed to send Evans a copy of the form for filing an amended civil rights complaint in this Court.  Failure to comply with this Order will result in dismissal of this action without further notice.

Dated this 20th day of November 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE